UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARVIN LIDDELL LOTT,           )
                               )
            Petitioner,        )
                               )
        vs.                    )        No. 4:05-CV-1386 (CEJ)
                               )
DAVE DORMIRE,                  )
                               )
            Respondent.        )

**MEMORANDUM AND ORDER**

This habeas corpus petition is before the Court upon petitioner's objections to the Report and Recommendation of United States Magistrate Judge Mary Ann L. Medler, to whom the matter was referred pursuant to 28 U.S.C. § 636(b). Judge Medler recommended that the petition for writ of habeas corpus be denied. Petitioner has filed objections to the Report and Recommendation.

Following a non-jury trial petitioner Marvin Liddell Lott was found guilty of one count of assault in the first degree, one count of armed criminal action, and one count of attempted robbery. He was sentenced to concurrent terms of twenty years on the assault and armed criminal action charges and fifteen years on the attempted robbery charge. The Missouri Court of Appeals affirmed his convictions and the denial of his motion for post-conviction relief. See Lott v. State, 147 S.W.3d 842 (Mo. Ct. App. 2004).

Petitioner asserts eight grounds for relief in this 28 U.S.C. § 2254 action.[1] The Report and Recommendation only discussed two

---

[1]Petitioner's asserted grounds for habeas relief are as follows: (1) petitioner was improperly convicted pursuant to unreliable identification made by the victim in an unreliable

of petitioners grounds for relief and found that the remaining six grounds had been procedurally defaulted. Petitioner did not establish grounds to excuse the defaults. He now argues that grounds seven and eight, which the magistrate judge found to be procedurally defaulted, are properly before this Court. However, this argument is based on his allegations against respondent and do not address the magistrate judge's finding of procedural default or an excuse for his default.

Other than the objection to grounds seven and eight, petitioner has not objected to the magistrate judge's findings as to any of the points in his habeas petition. Rather he objects to the magistrate judge's denial of his motion for declaration of default judgment. In that motion, petitioner sought default judgment against respondent because respondent only timely responded to six of the eight grounds of his habeas relief. In the same motion, petitioner also stated, "I finalize and rest my entire case now on this [default] issue, and ask for judgement [sic]."

---

line up; (2) there was no probable cause to search the  Demaster Street house or petitioner's vehicle; (3) petitioner's trial counsel was ineffective for numerous reasons, including advising petitioner to waive his right to testify and not calling his wife as an alibi witness; (4) he was not charged in the original or amended information with the class A felony of first degree assault; (5) petitioner's right against double jeopardy was violated because he was charged with armed criminal action and attempted armed robbery; (6) there was insufficient evidence to convict petitioner of first degree assault as opposed to second degree assault; (7) there was a failure to preserve the integrity of the crime scene and the evidence was tampered with; (8) trial court erred in denying petitioner's motion for judgment of acquittal at the close of the state's evidence and at the conclusion of all evidence.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Petitioner objects to the magistrate judge's interpretation of this statement to mean that petitioner did not plan to file a traverse. The Court reviews the magistrate judge's findings *de novo*.  See 28 U.S.C. § 636(b).

**I. Background**[2]

Petitioner filed his petition for habeas relief on August 29, 2005.  On September 16, 2005, the magistrate judge entered a case management order giving respondent forty-five days to show cause why petitioner should not be granted habeas relief.  Respondent timely filed his response to the show cause order on October 31, 2005.  The response only addressed six of petitioner's eight grounds for relief.  On November 1, 2005, petitioner mailed a motion for leave to order immediate habeas relief for respondent's failure to timely respond to the show cause order because he had not received any response from respondent.  Petitioner's motion was received and filed in the Court on November 3, 2005.  On November 2, 2005, the magistrate judge entered an order granting petitioner ninety days to file a traverse.  On November 4, 2005, after having received a letter from petitioner that he had failed to respond to grounds seven and eight of the habeas petition, respondent filed an amended response to the show cause order.  On November 10, 2005, petitioner filed a motion for his release upon processing of the

---

[2]Because petitioner's objections are all to procedural matters and not to the magistrate judge's findings of fact and conclusions of law, the Court will not discuss the facts of the underlying offenses for which petitioner was convicted.  Rather, the Court will discuss the procedural history of the habeas petition.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

motion due to respondent's failure to address all grounds of his petition.  On November 15, 2005, he filed a motion requesting that the magistrate judge declare judgment by reason of default for respondent's failure to meet the October 31, 2005, show cause deadline on all grounds for relief.  On November 16, 2005, he filed a motion to strike respondent's amended response to the show cause order.

On November 18, 2006, Judge Medler entered her Report and Recommendation.  In it, she granted respondent leave to file his amended response to the show cause order.  She also recommended the denial of the various motions petitioner had filed, including his motion to declare judgment by reason of default.  She recommended that the habeas petition be dismissed.

## II.  Discussion

In the first point of his objection, petitioner argues that the magistrate judge should have entered default judgment in his favor because respondent did not timely respond to all eight points of his habeas petition.  He relies on Fed. R. Civ. P. 37(a)(3) to support his argument.  Rule 37 addresses "Failure to Make Disclosure or Cooperate in Discovery; Sanctions."  Subsection (a)(3) addresses "Evasive or Incomplete Disclosure, Answer or Response" in regard to discovery requests.  Rule 37(a)(3) does not govern responses to habeas corpus petitions, and respondent was not bound by this rule in filing his response.  Additionally, in the Report and Recommendation, the magistrate judge granted respondent leave to file the amended response so that all of petitioner's

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

grounds could be properly considered. For these reasons, petitioner's first objection is without merit and is overruled.

Petitioner next objects to the magistrate judge's finding that he did not intend to file a traverse. After petitioner was granted ninety days to file a traverse, he filed five *pro se* motions[3] seeking judgment in his favor and discussing respondent's failure to timely file a response to all of his grounds for habeas relief. In his motion to "declare judgment by for reasons of default," filed November 15, 2005, petitioner stated, "I finalize and rest my entire case now on this issue, and ask for judgement [sic]." The magistrate judge found that petitioner's various motions were filed instead of a traverse. Petitioner's assertion that his entire case rested on the default issue provided the magistrate judge clarification that petitioner did not intend to file a traverse. This Court finds that based on petitioner's numerous filings, with repetitious requests, including his statement of finalization, it was reasonable to conclude that petitioner did not intend to file

---

[3]On November 3, 2005, petitioner filed his "Motion ordering petitioner immediate habeas corpus relief, ordering the respondant [sic] to release Lott on all counts of his three conviction from said Mississippi County, Charleston Missouri." On the same date, he filed a "Motion to dismiss and strike according to Federal Rules in Civil Procedure, Respondant's [sic] response." His "motion I ask to be release as soon as respondent can process this court's order effective immediately" was filed November 10, 2005. On November 15, 2005, he filed a document to "Declare Judgment by for reason's [sic] of default in meet October 31, 2005 deadline." On November 16, 2005, he filed a "motion to dismiss and strike respondant's [sic] response amended motion as to ground's 7 & 8 of his writ & motion."

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

a traverse.  Petitioner's objection is without merit and is overruled.

Petitioner also argues that the Missouri Court of Appeals for the Southern District had a chance to review his claims for plain error, but a jurisdictional defect that cannot be waived occurred. No further explanation for this argument was given.  This point was not raised in the habeas petition as a ground for relief, and this Court will not consider it.

Finally, petitioner argues that grounds seven and eight are properly before this Court because respondent is in default for not responding to them.  The magistrate judge found that grounds seven and eight were procedurally barred because petitioner failed to raise them in the state court appeal of his motion for post-conviction relief.  Thus, petitioner's argument that this Court should review grounds seven and eight because of respondent's alleged default is without merit.

In addition to his objection, petitioner has filed several motions seeking default against respondent since the Report and Recommendation was entered.[4]  These motions continue the repetition

---

[4]On November 22, 2005, petitioner filed a motion titled "Confirming motion proof why entry of default must be enteried [sic] by this Court ordering respondant [sic] to release petitioner."  On November 30, 2005, petitioner filed a motion for to amend his objection and "substain [sic] my previous motion." The Court is unclear as to which "previous motion" petitioner would like sustained.  The supplemental objection readdresses petitioner's request for default against respondent.  On December 1, 2005, petitioner filed a motion for certificate of appealability.  On December 2, 2005, he filed a motion for the Court to take judicial review of petitioner's motion for default judgment.  On December 13, 2005, petitioner filed an "Objection

of issues the magistrate judge and this Court have already addressed. They will be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Report and Recommendation [#13] of United States Magistrate Judge Mary Ann L. Medler is sustained, adopted, and incorporated herein.

**IT IS FURTHER ORDERED** that the petition of Marvin Liddell Lott for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [#1] is **dismissed**.

**IT IS FURTHER ORDERED** that petitioner has failed to make a substantial showing of the denial of a constitutional right and the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997).

**IT IS FURTHER ORDERED** that petitioner's motion for leave to order immediate habeas relief [#8] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's pleading requesting the Court to rule in his favor in regard to all stated grounds for relief [#9] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion to strike respondent's response to order to show cause [#10] is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motion requesting release as soon as the Court can process the motion [#11] is **denied**.

---

most clearily [sic] Amendment Motion for Leave to Grant." There, he argues that this Court is holding him after respondent's alleged default and requests his immediate release.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**IT IS FURTHER ORDERED** that the relief sought in the document titled "Declare Judgment by for reasons of default" [#12] is **denied.**

**IT IS FURTHER ORDERED** that all other pending motions are **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT COURT

Dated this 8th day of June, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com