UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARVIN LIDDELL LOTT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. 4:05-CV-1386 (CEJ) |
| ) | |
| DAVE DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's motion to alter final judgment in this habeas corpus action, pursuant to Fed. R. Civ. P. 59. Respondent has not responded, and the time allowed for so doing has expired.

Petitioner filed his petition for habeas corpus relief on August 29, 2006. On November 18, 2005, United States Magistrate Judge Mary Ann L. Medler entered her Report and Recommendation recommending that petitioner's petition be dismissed. On June 8, 2006, this Court adopted the Judge Medler's report and dismissed the habeas petition. On June 15, 2006, petitioner filed the instant motion to alter judgment.

In his motion, petitioner requests that this Court allow him to file a traverse or grant him the right to appeal. He attaches a letter from the Missouri Department of Corrections to the Potosi, Missouri prosecuting attorney. The letter shows that, on February 19, 2003, another inmate shoved petitioner's head into a steel cell

door and continuously struck petitioner in the head with his fist.[1] Now, petitioner argues that, due to his head injury, he misunderstood the magistrate judge's order granting him ninety days to file a traverse. He argues that he thought that "traverse" meant to repeatedly file the same issue. He also argues that he can show that his claims are not defaulted and that he has a jurisdictional issue.

Based on the petitioner's numerous filings with repetitious requests, including a statement of finalization, Judge Medler reasonably concluded that petitioner did not intend to file a traverse.[2] Additionally, the Court finds that petitioner's head injury is not new evidence and does not alter the outcome of his petition. Petitioner's head injury occurred more than two years before he filed his petition for habeas relief. Despite his injury, he was able to understand, complete, and file the form petition for habeas relief in this Court. Indeed, he was able to file a 145-page petition that included eight grounds for relief and excerpts from the transcript of his trial. Further, when he had not received respondent's response by the deadline given in the

---

[1] Petitioner also attaches an exhibit from mental health services at Potosi Correctional Center showing the he has been diagnosed with major depressive disorder and panic disorder without agoraphobia. The document lacks a date, and the space provided for the signatures of petitioner and the mental health staff are blank.

[2] During the 90-day period that was allowed for filing a traverse, petitioner filed five repetitious *pro se* motions seeking default judgment in his favor. In one of the motions he stated, "I finalize and rest my entire case on this issue, and ask for judgment." No traverse was filed.

2

case management order, he promptly filed a motion for immediate release due to respondent's alleged failure to respond.[3] The Court finds that petitioner's mental capacity is not so diminished that he is unable to comprehend or prosecute his case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter final judgment [#33] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT COURT

Dated this 12th day of July, 2006.

---

[3]Although respondent's response may not have reached petitioner by the case management order's deadline, the certificate of service shows that it was timely mailed it was timely mailed to petitioner. It was also timely filed in the Court.